Case 2:24-cv-00301   Document 7   Filed on 01/06/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 07, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANDREW BURKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:24-CV-00301 |
| | § | |
| ERIC NICHOLS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Andrew Burke, a Texas inmate currently confined at the McConnell Unit in Beeville, Texas, has filed this *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending before the Court is Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") in this action. (D.E. 2). However, as discussed below, a review of Court records reveals that Plaintiff is ineligible to proceed IFP and must pay the full $405.00 filing fee to proceed.

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has, while incarcerated, had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals IFP. 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños*, 144 F.3d at 884.

Plaintiff has had at least three *pro se* prisoner actions and appeals dismissed as frivolous or for failure to state a claim for relief. *See Burke v. Soland*, No. 4:23-cv-00300 (S.D. Tex. May 11, 2023) (Lake, J.) (dismissed for failure to state a claim for relief); *Burke v. Chesser*, No. 4:23-cv-00842 (S.D. Tex. Mar. 14, 2023) (Bennett, J.) (dismissed for failure to state a claim for relief); *Burke v. Diaz*, No.

4:23-cv-00332 (S.D. Tex. Feb. 2, 2023) (Hittner, J.) (dismissed as frivolous). So, Plaintiff is barred from proceeding IFP in this prisoner civil rights action unless he can show he is under imminent danger of serious physical injury.

The Court must assess whether Plaintiff was exposed to imminent danger of serious injury at the time he sought to file his complaint IFP. *Choyce v. Dominguez*, 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing *Baños*, 144 F.3d at 884–85). To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In addition, the harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergenc[y], where time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (quoting *Lewis*, 279 F.3d at 531) (internal quotation marks omitted). Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Plaintiff alleges in his complaint that, on November 24, 2024, he was transferred to the McConnell Unit and placed in a "very dangerous situation." (D.E. 1, p. 4). According to Plaintiff, his restriction to be placed in a single cell was canceled by Major Valduez with the intent to cause Plaintiff harm or death by a dangerous cell mate. *Id.* at 3–4. Plaintiff states that Warden Amonett has denied Plaintiff access to the courts, the "OIG," medical, his personal mail, and an inmate tablet. *Id.* Plaintiff further states that Chairman Eric Nichols has denied Plaintiff access to the courts, an inmate tablet, mail, medical, and the recreation yard. *Id.* Plaintiff also alleges he has been denied showers and blankets for the cold conditions. *Id.* at 3. Lastly, Plaintiff asserts that he is in "imminent threat of serious physical harm." *Id.* at 4.

Upon review of Plaintiff's complaint, his broad allegations suggesting he has been harmed and will continue to be harmed due to his current conditions of confinement fail to suggest he was exposed

to imminent danger of serious injury at the time he submitted this action on December 11, 2024.[1] He alleges no specific facts to suggest his current housing situation with a cell mate has caused him any physical harm or has otherwise placed him under an imminent threat of physical harm. Plaintiff's additional allegations likewise fail to show he is currently exposed to an imminent danger of serious injury through being denied access to the courts, his mail, tablets, medical, the showers, or blankets for the cold. Indeed, his conclusory allegations regarding these deprivations wholly lack factual support and are otherwise insufficient to make this showing.

Because he has failed to allege that he was in imminent danger of physical harm at the time he filed the complaint, Plaintiff is barred from proceeding IFP. Accordingly, the Court **DENIES** Plaintiff's Motion to Proceed IFP, (D.E. 2), and **DISMISSES without prejudice** Plaintiff's action. The Court **DIRECTS** the Clerk of Court to send a copy of this Order to the "Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov." Plaintiff may move to reinstate this action within **thirty (30)** days of the date of the entry of this Order, but only if the appropriate $405.00 filing fee is paid simultaneously with the motion to reinstate. The Court will enter final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
January 6th, 2025

---

[1] Plaintiff signed and executed his complaint on December 11, 2024. (D.E. 1, p. 5). For purposes of the prison mailbox rule, the Court finds that Plaintiff placed his complaint in the prison mailroom for mailing to the federal court on that day.